UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTONIO LORENZO-NODA, | : | |
| | : | **Civil Action No. 18-13414-AME** |
| Plaintiff, | : | |
| v. | : | **OPINION and ORDER** |
| CARL KAZAK, et al., | : | |
| Defendants. | : | |

    The Court, on its own volition and without motion by the parties, here raises the issue of whether pro se Plaintiff Antonio Lorenzo-Noda ("Plaintiff") should be assigned pro bono counsel, pursuant to 28 U.S.C § 1915. For the following reasons, the Court concludes appointment of an attorney to represent Plaintiff pro bono is warranted.

    Plaintiff filed this civil action on or about August 6, 2018, seeking relief for personal injuries he allegedly sustained in a May 3, 2017 motor vehicle accident, for which he claims Defendants Carl Kazak and Armellini Express Lines, Inc. (collectively, "Defendants") are liable under a theory of negligence. The action survived Plaintiff's and Defendants' cross-motions for summary judgment, which were denied by Order of January 27, 2022. The parties have failed to reach a negotiated resolution. Consequently, the action must proceed to trial.

    While a civil litigant does not have a constitutional or statutory right to appointed counsel, *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Id.*

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If his or her claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

Upon consideration of the *Tabron* framework, the Court concludes that appointment of pro bono counsel is appropriate in this action. As a threshold matter, the fact that Plaintiff's claim withstood a motion for summary judgment indicates that it has arguable merit. As to the *Tabron* factors, the Court acknowledges that this lawsuit is not overly complex and, moreover, that counsel is not required to assist with factual investigation, as the period to conduct fact discovery has long been closed. However, Plaintiff has demonstrated that he has minimal ability, if any, to present his own case at trial. He does not speak or apparently understand English and

has thus far been assisted by a friend in translating communications to and from the Court. Although Plaintiff was represented by counsel earlier in this litigation, he appears to lack the financial resources to retain new counsel. Moreover, this trial is likely to turn on issues of credibility, which together with Plaintiff's language barrier, will present the Court with extraordinary challenges in hearing evidence and managing the overall proceedings. Additionally, Plaintiff has sought repeated extensions of the deadline to complete and file his portion of the final pretrial order, conceding that he is unable to do so without the assistance of counsel. He has further represented that his concerted efforts to secure counsel have been futile, and he has most recently been investigating options for securing free legal services from legal aid offices. In light of the scarcity of such services, the Court is doubtful his search will be fruitful. Yet, the trial of this case, filed over four years ago, cannot be delayed any longer.

Thus, for the foregoing reasons, and in the interest of an efficient resolution of this action and to ensure the trial of this action proceeds in a coherent, effective manner, the Court concludes that assignment of pro bono counsel to Plaintiff is warranted.

Accordingly, **IT IS** on this 14th day of October 2022,

**ORDERED** that, pursuant to 28 U.S.C § 1915, Plaintiff shall be appointed pro bono counsel; and it is further

**ORDERED** that this case is referred to the Office of the Clerk for the appointment of an attorney from the Civil Pro Bono Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions.

                                          /s/ *André M. Espinosa*
                                          ANDRÉ M. ESPINOSA
                                          United States Magistrate Judge