NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO LORENZO-NODA, | |
| Plaintiff, | Civil Action No. 18-13414-AME |
| v. | OPINION and ORDER |
| CARL KAZAK, et al., | |
| Defendants. | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by defendants Armellini Express Lines Inc. and Cark Kazak ("Defendants") to preclude a portion of the expert testimony proffered by Dr. Steven L. Nehmer, as inadmissible under Federal Rule of Evidence 702 [D.E. 121]. Plaintiff Antonio Lorenzo-Noda ("Plaintiff") opposes the motion. The Court has reviewed the parties' written submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b).[1] For the reasons that follow, Defendants' motion is denied.

**I.    BACKGROUND** [2]

Following the May 3, 2017 motor vehicle accident giving rise to this action, Plaintiff sought treatment at the emergency department of Robert Wood Johnson University Hospital,

---

[1] Although not identified in the Final Pretrial Order, this Rule 702 motion was filed as a "motion *in limine*" only days before the Court heard testimony on damages in the bench trial of this matter. During those proceedings, on December 16, 2024, the Court noted the motion had been filed, albeit belatedly, and relaxed deadlines to permit its consideration. However, the Court also stated that briefing would be considered complete upon Plaintiff's opposition and made clear that no reply would be necessary. Consistent with that colloquy, and Defendants' January 23, 2025 letter acknowledging the Court's instructions [D.E. 127], the Court bases its decision on the initial motion papers and opposition. Defendants' reply [D.E. 125] was not considered, and Plaintiff's request for leave to file a sur-reply [D.E. 126] is moot.

[2] Because the Court writes only for the parties, whose familiarity with the factual and procedural history is presumed, this Opinion and Order sets forth only background information pertinent to this motion.

complaining of pain to his neck, back, shoulder, and left knee. Thereafter, Plaintiff was referred to orthopedist Dr. Nehmer for evaluation and treatment of his shoulder and knee injuries. Dr. Nehmer saw Plaintiff on four occasions.

Dr. Nehmer prepared two reports concerning the injuries claimed by Plaintiff in this action. His April 8, 2018 report notes Plaintiff presented with "complaints of pains at his neck, both shoulders, low back, and left knee." Connell Cert. Ex. A. According to the report, Dr. Nehmer conducted a physical examination of Plaintiff's shoulders and knee during his first visit to the office on September 28, 2017, and thereafter saw Plaintiff twice more. The report also states Dr. Nehmer reviewed MRI studies of Plaintiff's shoulder, left knee, and cervical and lumbar spine, from imaging performed by Ironbound MRI on August 3, 2017. Based on the foregoing, Dr. Nehmer determined Plaintiff suffered from cervical disc herniations with multiple bulges, a lumbar disc herniation with bulges, a right shoulder partial rotator cuff and posttraumatic impingement syndrome, and left knee medial meniscal tear. He concluded, based on his overall evaluation, that these injuries "are causally related to the motor vehicle accident of May 3, 2017."*Id.*; *see also* Nehmer Dep. Tr. 8:3-9:15. Later, after Plaintiff returned to see Dr. Nehmer in 2019 for continuing pain, Dr. Nehmer issued his May 30, 2019 report, which states, in relevant part, that the opinions expressed in the April 8, 2018 report have not changed. *See* Connell Cert. Ex. D.

Although these reports expressed his findings and conclusions as Plaintiff's treating physician, Dr. Nehmer was not identified as an expert witness in this action until 2024, shortly before entry of the Final Pretrial Order in advance of trial. The late designation was a product of the procedural circumstances of this action, in which Plaintiff appeared pro se for the majority of

2

the pretrial stage and through the resolution of summary judgment motions. The Court appointed pro bono counsel to represent Plaintiff only after this case was poised to go to trial, by which time expert discovery had been long closed. However, counsel assessed a need for an expert witness to testify as to the extent and nature of the injuries allegedly sustained by Plaintiff in the accident. Defendant agreed that Plaintiff could designate Dr. Nehmer as an expert witness, acknowledging Dr. Nehmer was already familiar with this matter and his records had been produced in discovery.

On July 25, 2024, Dr. Nehmer appeared for a *de bene esse* deposition in connection with the parties' preparation for the damages phase of trial. During the deposition, Defendants cross-examined Dr. Nehmer about his opinions, including the causal relationship between the accident and Plaintiff's injuries.

On this motion, Defendants seek to bar any portion of Dr. Nehmer's opinion as to the diagnosis, prognosis, and causation of Plaintiff's injuries to his cervical spine and lumbar spine.

**II.    DISCUSSION**

Defendants argue Dr. Nehmer's opinion as to Plaintiff's spinal injuries must be barred because it is based solely on a review of MRI studies. Defendants maintain that Dr. Nehmer's failure to examine Plaintiff's cervical and lumbar spine in the course of treatment renders his opinions on his spinal injuries inadmissible. In opposition, Plaintiff argues that, under Rule 702 and governing Third Circuit law, a medical expert may base his opinion on medical records, and thus Dr. Nehmer's testimony, including his opinion about Plaintiff's neck and back injuries, is admissible.

Rule 702 permits a party to offer the testimony of an expert witness whose "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. Expert testimony must satisfy three requirements to be admissible under Rule 702: (1) the witness must be qualified in his or her field of expertise; (2) the testimony must be reliable; and (3) the testimony must assist the trier of fact, that is, "fit" with the facts at issue. *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). The Third Circuit has described Rule 702 as embodying a "'trilogy of restrictions on expert testimony: qualification, reliability, and fit.'" *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (quoting *Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003)).

The Court must act as a "gatekeeper" with respect to any proffered expert testimony. *Kannankeril*, 128 F.3d at 806 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). The objective of the gatekeeping role "is to ensure the reliability and relevancy of expert testimony" and "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). However, the Third Circuit has held Rule 702 "has a liberal policy of admissibility." *Kannankeril*, 128 F. 3d at 806.

Here, Defendants challenge Dr. Nehmer's expert opinion testimony as lacking in both the reliability and fit prongs of Rule 702 insofar as that testimony concerns the cervical and lumbar spine injuries Plaintiff alleges he sustained in the May 3 motor vehicle accident.[3] They maintain

---

[3] Defendants take no issue with Dr. Nehmer's qualifications to serve as an expert concerning Plaintiff's alleged orthopedic injuries. Indeed, Dr. Nehmer is a board-certified orthopedic surgeon with over 35 years of experience. *See* Nehmer Dep. Tr. 8:3-9:21.

Dr. Nehmer's opinion is unreliable because it is not based on his physical examination or treatment of those areas but rather on the doctor's review of Plaintiff's medical records. Moreover, Defendants contend that such records are themselves inadmissible hearsay evidence, further diminishing the opinion's reliability and militating in favor of striking Dr. Nehmer's testimony as to the causation of Plaintiff's back and neck injuries.

The Court has "broad latitude" in deciding both how to assess reliability and to make the ultimate determination on reliability under Rule 702. *Kumho Tire*, 526 U.S. at 142. The question of reliability must focus on whether the expert testimony is based on "good grounds" as opposed to "subjective belief or unsupported speculation." *United States v. Williams*, 235 F. App'x 925, 928 (3d Cir. 2007) (quoting *Daubert*, 509 U.S. at 590). Applying this principle to medical expert testimony, the Third Circuit held that the expert's opinion cannot be based merely on a plaintiff's "self report of symptoms or illness." *Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 762 (3d Cir. 1994). Rather, to render a reliable opinion, a medical expert must, at minimum, "either examine the patient or review the patient's medical records." *Id.*; *see also Jama v. Esmor Corr. Svcs., Inc.*, No. 97-3093, 2007 WL 1847385, at *19 (D.N.J. June 25, 2007) (observing *Paoli* holds that, as to medical expert opinions, reliability requires a physical examination of the plaintiff or a review of his records and holding this requirement "applies equally to the determination of causation."). The Third Circuit further held that a physician's "evaluation of the patient's medical records, like performance of a physical examination, is a reliable method of concluding that a patient is ill even in the absence of a physical examination." *Id.* In other words, either the medical records or a physical examination suffices as a reliable source of information on which to ground a doctor's expert opinion. *Id.*

Here, Dr. Nehmer's opinion, as set forth in his April 8, 2018 report, meets that minimal standard of reliability under Rule 702 and *Paoli*. His conclusions are based on Plaintiff's self-report of his symptoms and the subject accident, together with Dr. Nehmer's own review of the medical records, including films of Plaintiff's cervical and lumbar spines taken only three months after the accident. Additionally, Dr. Nehmer saw Plaintiff for evaluation and possible treatment of injuries to his shoulders and left knee. He performed an examination of those areas. While a physical examination of Plaintiff's neck and back would have strengthened Dr. Nehmer's opinion as to those alleged injuries, the absence of such a diagnostic tool goes to the weight of the expert testimony. In view of the totality of the circumstances, it does not render his opinion unreliable under Rule 702.

Defendants also argue Dr. Nehmer's opinion as to Plaintiff's cervical and lumbar spine injuries should be stricken because it improperly relies on hearsay evidence—that is, the studies of MRI films performed by a radiologist. They maintain Plaintiff cannot introduce into evidence, through Dr. Nehmer's testimony, the inadmissible hearsay statements of the non-testifying radiologist. That argument is unavailing. Federal Rule of Evidence 703, which governs the facts or data on which expert testimony may rely, states: "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." An expert may rely on hearsay, *see Paoli*, 35 F.3d at 748, and here, that hearsay consists of medical records and films, the type of data on which a doctor would rely in diagnosing and treating an injury.

Finally, as to fit, the standard is one of "helpfulness." *Daubert*, 509 U.S. at 591-92. To satisfy Rule 702's fit requirement, "the expert's testimony must be relevant for the purposes of

6

the case and must assist the trier of fact." *Schneider*, 320 F.3d at 404. It must have a valid connection to the pertinent inquiry on the claims and defenses at issue. *Daubert*, 509 U.S. at 591-92. Here, Dr. Nehmer's testimony meets that standard. His opinion pertains to the injuries Plaintiff allegedly suffered as a result of the May 3 accident and will assist the Court in determining questions of causation, the nature of the injuries, and the extent to which Plaintiff was allegedly injured.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Dr. Nehmer's overall evaluation of Plaintiff, consideration of Plaintiff's medical history, and review of the MRIs taken shortly after the subject motor vehicle accident suffice to satisfy Rule 702's reliability and fit requirements. Dr. Nehmer's testimony, including his opinion concerning Plaintiff's cervical and lumbar spine injuries, meets the standard of admissibility for expert testimony. Accordingly,

**IT IS** on this 24th day of March 2025,

**ORDERED** that Defendants' motion to strike a portion of the testimony of Plaintiff's orthopedic expert Dr. Nehmer under Federal Rule of Evidence 702 [D.E. 121] is **DENIED**.

 /s/ *André M. Espinosa*  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge