NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTONIO LORENZO-NODA, | : | **Civil Action No. 18-13414-AME** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CARL KAZAK, et al., | : | |
| | : | |
| Defendants. | : | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by Plaintiff Antonio Lorenzo-Noda ("Plaintiff") for reconsideration of the Court's September 30, 2025 Final Order of Judgment, or in the alternative, for a new trial. [D.E. 135]. Defendants Carl Kazak and Armellini Express Lines, Inc. (collectively "Defendants") oppose the motion. The Court has considered the parties' written submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the motion is denied.

## I.      BACKGROUND

This personal injury action arises out of a May 3, 2017 motor vehicle accident. By Opinion and Order entered on January 27, 2022, the Court denied the parties' cross-motions for summary judgment. *See* D.E. 65, 66. The case proceeded to preparation for trial. The Court directed the parties to file a proposed final pretrial order by September 30, 2022, a deadline that was thereafter extended to December 30, 2022, upon Plaintiff's request. *See* D.E. 71, 74. In view of Plaintiff's pro se status at that time, combined with his inability to speak or understand English, the Court determined that appointment of pro bono counsel to represent Plaintiff was

essential to ensuring an orderly and effective trial and accordingly entered an order appointing counsel on October 14, 2022.[1] *See* D.E. 75.

Thereafter, the parties engaged in renewed efforts to reach a negotiated resolution and participated in mediation pursuant to the District's Local Civil Rule 301.1 program. However, mediation was unsuccessful, and the action was restored to the active calendar on May 15, 2023. The Court held a final pretrial conference on July 20, 2023. Following that conference, the parties continued to revise the draft final pretrial order and address issues concerning a potential motion *in limine* as to the report of Dr. Jay Zaretsky, then identified as one of Plaintiff's expert witnesses. In February 2024, the parties informed the Court of two developments intended to narrow disputes and streamline trial proceedings. First, Plaintiff stated he would not call Dr. Zaretsky as a witness, thus obviating the need for Defendants' motion to preclude his testimony. *See* ltr. at D.E. 97. Second, the parties jointly proposed that, rather than present live testimony on causation and damages at the time of trial, they would take *de bene esse* depositions of Plaintiff's treating physician and expert witness Dr. Gregory Gallick and Defendants' expert Dr. Steven Robbins. *See* Feb. 23, 2024 ltr, at D.E. 99. The Court approved this proposal and, with the parties' agreement, scheduled a non-jury trial to begin on May 21, 2024. *See* D.E. 101.

However, mere days before trial, a dispute arose concerning Plaintiff's proposed damages evidence, as set forth in the revised, proposed final pretrial order filed May 14, 2024. [D.E. 102]. There, Plaintiff identified expert witness Dr. Gallick, who would testify as to his alleged knee injury, but also listed certain medical providers' reports and treatment records as evidence he would offer to prove other physical injuries he claimed were caused by the accident, specifically injuries to his neck, back, and right shoulder. Defendants objected, arguing those documents

---

[1] Plaintiff had legal representation from the time this action was filed until November 2020, when counsel withdrew with leave of Court. *See* D.E. 45. He remained pro se until the Court appointed pro bono counsel.

should be precluded because the doctors' statements, as set forth in their reports and records, constituted inadmissible hearsay. Defendants further argued that none of those medical providers had been disclosed as expert witnesses for Plaintiff. Plaintiff, in response, maintained Defendants had waived any objection to the admission of the reports into evidence, noting the reports were served in discovery and disclosed as potential evidence in previous versions of the proposed final pretrial order. During a May 16, 2024 on-the-record conference, the parties jointly proposed a solution that would both obviate the need for a ruling on Defendants' hearsay objection and Plaintiff's waiver argument and permit Plaintiff to attempt to proffer competent evidence of all his claimed damages. They suggested bifurcating the trial and, if necessary after the Court's liability determination, taking *de bene esse* depositions of the medical providers. The Court endorsed this plan.

Accordingly, on May 21, 2024, the Court held a one-day bench trial on liability only. At the close of that proceeding, the Court issued oral findings of fact and conclusions of law on the liability portion of Plaintiff's negligence claim, finding Defendants 85% at fault for the accident and Plaintiff 15% at fault. The Court postponed the damages phase to permit development of any additional *de bene esse* deposition testimony Plaintiff deemed necessary to prove damages, as discussed at the May 16, 2024 pretrial conference. *See* Trial Tr. 185-86. It was agreed that, once those depositions had concluded, the Court would reconvene trial proceedings to hear Plaintiff's live testimony concerning damages and thereafter would review, *in camera*, the videotaped *de bene esse* depositions to be submitted by the parties.

By letter filed August 7, 2024, the parties informed the Court that they had taken the *de bene esse* deposition of one of Plaintiff's providers, Dr. Stephen Nehmer, on July 25, 2024. *See* D.E. 111. In a subsequent status conference, the parties further informed the Court that, by

agreement, Plaintiff had identified Dr. Nehmer as an additional expert witness, and he testified accordingly. The parties also confirmed that, having taken all necessary depositions, they were ready to proceed to the damages phase of the trial. Thereafter, they submitted the videotaped depositions of their respective experts, that is, Drs. Gallick and Nehmer for Plaintiff and Dr. Robbins for Defendants. The parties did not submit testimony by any other medical providers or experts.

On December 16, 2024, the Court commenced the damages phase of the trial and heard Plaintiff's testimony concerning his alleged injuries. By Opinion and Order of March 24, 2025, Defendants' motion *in limine* to preclude a portion of Dr. Nehmer's testimony was denied. *See* D.E. 128. The Court proceeded to hear the videotaped expert testimony. On September 30, 2025, after review of the parties' post-trial submissions and consideration of all the evidence presented, the Court issued Findings of Fact and Conclusions of Law concerning damages (the "Findings"). *See* D.E. 133. On the same date, the Court separately entered the Judgment in Plaintiff's favor in the amount of $64,308.78. *See* D.E. 134.

On October 28, 2025, Plaintiff filed this motion for reconsideration, or in the alternative, for a new trial, challenging the Judgment and its underlying Findings.

II.     DISCUSSION

Plaintiff seeks reconsideration of the Judgment under Federal Rule of Civil Procedure 59(e), which provides that a party may move to alter or amend a judgment within 28 days of its entry. The scope of such a motion is "extremely limited" *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). To prevail on a Rule 59(e) motion, the moving party must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Mere

disagreement with the Court's decision does not justify reconsideration. *Void v. Warden Fort Dix*

*FCI*, Civ. No. 08-1252, 2008 WL 3843294, at *2 (D.N.J. Aug 14, 2008). Rather, the party

moving for relief under Rule 59(e) must establish that the Court overlooked dispositive facts or

controlling law, that is, matters that "might reasonably have resulted in a different conclusion."

*Id.* (quoting *Assisted Living Assoc. of Moorestown, L.L.C., v. Moorestown Twp.*, 996 F. Supp.

409, 442 (D.N.J. 1998)). Courts in this District consistently hold that because "reconsideration of

a judgment after its entry is an extraordinary remedy," motions for relief under Rule 59(e) should

be granted only "sparingly." *Role v. PSE&G*, Civ. No. 25-0426, 2025 WL 1161352, at *1

(D.N.J. Apr. 21, 2025) (quoting *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516

(D.N.J. 1996)).

Plaintiff's motion requests that the Court reconsider its Findings and amend the

Judgement to award damages reflecting the full extent of Plaintiff's injuries, that is, not only to

his knee but also to his neck, back, and right shoulder. He argues the Court overlooked material

evidence that bolstered Dr. Nehmer's opinion and, in doing so, improperly discredited his expert

testimony that Plaintiff's claimed neck, back, and right shoulder injuries were caused by the

subject motor vehicle accident. Plaintiff maintains that the Court rejected Dr. Nehmer's

conclusions as to Plaintiff's neck and back injuries primarily because they were reached without

a physical examination yet failed to consider "ample evidence from other medical professionals,

including Dr. Epstein, Dr. Cifelli, and Dr. Koppel, who had physically examined [Plaintiff's]

neck and/or back and found evidence of injury in those areas." Pl. Br. at 5-6. Plaintiff further

maintains that, as to Plaintiff's shoulder injury, the Court provided no basis for discrediting Dr.

Nehmer's testimony and appears to have overlooked the treatment records of Plaintiff's chiropractor Dr. Epstein, who also found evidence of injury in that area.

Plaintiff thus argues relief under Rule 59(e) is necessary to correct a clear error resulting from the Court's failure to consider the records and reports by Drs. Epstein, Cifelli, and Koppel, which he contends corroborate Dr. Nehmer's opinion on causation. However, Plaintiff's motion for reconsideration is premised upon the mischaracterization of these reports as competent evidence. Plaintiff concedes, as he must, that the reports were not in evidence nor even offered for admission. He acknowledges he withdrew those reports but stresses this decision stemmed from the parties' agreement to resolve their dispute over whether the reports were inadmissible hearsay, as Defendants contended, or whether such objection had been waived, as Plaintiff argued. The Court did not rule on that issue because the parties reached a pretrial compromise concerning Plaintiff's contemplated evidence related to these injuries. Under the parties' agreement, Plaintiff elected to designate Dr. Nehmer as an expert witness instead of attempting to prove the damages to his neck, back, and shoulder injuries by reliance on the medical reports and findings of his other treating providers. Simply put, the medical reports Plaintiff now argues the Court overlooked in reaching its decision were not in the trial record.

Plaintiff also argues that reconsideration is warranted to prevent manifest injustice, emphasizing that the parties' compromise concerning proof of Plaintiff's alleged injuries to his neck, back, and shoulder by way of Dr. Nehmer's expert testimony was intended to streamline trial and avoid reopening discovery. It was, Plaintiff maintains, not meant to restrict his presentation of medical evidence. He suggests that contrary to the spirit of the compromise, the Court unfairly disregarded the findings of other medical professionals and must now reconsider

its findings "to account for, or at least reconcile" those findings in a reevaluation of Dr. Nehmer's testimony on causation. Pl. Br. at 4.

This argument is unavailing. First, the Court must note it facilitated the parties' compromise by bifurcating the trial. On the eve of trial, Plaintiff faced a difficult situation regarding the potential lack of admissible evidence concerning many of his claimed injuries.[2] As proposed by the parties, the Court postponed the damages phase of the trial to permit Plaintiff an opportunity to identify any witnesses he deemed necessary to admit the records and/or otherwise prove damages.

Second, the compromise was in no manner used by the Court to restrict Plaintiff's presentation of evidence. To the contrary, Plaintiff was afforded wide latitude to marshal additional evidence he required to prove damages at trial and ample time for taking witness testimony through *de bene esse* depositions. Ultimately, Plaintiff opted to designate Dr. Nehmer as an expert witness and rely on his testimony to prove the accident caused Plaintiff's neck, back, and shoulder injuries. As set forth in its Findings, the Court evaluated Dr. Nehmer's testimony based on the witness presentation, Defendants' cross-examination, and the materials in the record, and concluded that his opinion on causation lacked sufficient basis and was therefore speculative and unpersuasive. At bottom, Plaintiff disagrees with that evaluation but fails to point to any manifest injustice requiring reconsideration of Dr. Nehmer's testimony.

Third, Plaintiff does not articulate how the purportedly disregarded medical reports would, if considered, have any meaningful impact on the Court's assessment of Dr. Nehmer's testimony on causation or alter its determination concerning Plaintiff's failure to establish that

---

[2] To be clear, this deficiency is not attributable to the fine work by Plaintiff's pro bono counsel, appointed long after all fact and expert discovery had closed and after Plaintiff, as a pro se litigant, had been unable to prepare his own portions of the final pretrial order.

element of his negligence claim as to certain alleged injuries. Although the reports authored by Drs. Epstein, Cifelli, and Koppel were not part of the trial record, Plaintiff has submitted them in support of this motion for reconsideration. *See* Haefner Cert., Ex. A-C. The Court has reviewed the reports and discerns no dispositive significance that might alter the conclusion that Plaintiff failed to establish causation as to his neck, back, and shoulder injuries by a preponderance of the evidence. Even assuming Plaintiff could now overcome Defendants' hearsay objection and admit the reports into evidence, as a substantive matter, they remain out-of-court statements made by doctors who purportedly examined Plaintiff in 2017. Those doctors would not be subject to cross-examination on either their assessments, findings, and treatment, or—to the extent offered or implied in the reports—their opinions on causation. Thus, even if the Court considered the reports, they hold, at best, negligible persuasive value and could not have reasonably resulted in a different conclusion as to causation.

Plaintiff's alternative request for a new trial under Rule 59(a) also lacks merit. Rule 59(a)(1)(B), applicable to non-jury trials, states the Court may grant a new trial on all or some of the issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B); *Sabinsa Corp. v. Creative Compounds LLC*, Civ. No. 04-4239, 2012 WL 194123, at *2 (D.N.J. Jan. 23, 2012). The Third Circuit has held that in a non-jury trial, this relief "is usually reserved for instances in which the trial was 'infected with manifest errors of law or fact.'" *P.R. Mar. Shipping Auth. v. Valley Freight Sys., Inc.*, 856 F.2d 546, 553 (3d Cir. 1988) (quoting *United States Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172, 180 (3d Cir. 1981)); *see also Glemser v. United States*, Civ. No. 06–1961, 2010 WL 1688544, at *1 (D.N.J. Apr. 26, 2010) ("A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set

8

aside except for substantial reasons."). In other words, a motion for new trial should be granted only if a party would otherwise be subjected to manifest injustice. *Sabinsa Corp.*, 2012 WL 194123, at *2 (citing *Consumers Power Co. v. Curtiss–Wright Corp.*, 780 F.2d 1093, 1097 (3d Cir. 1986)).

Here, Plaintiff moves under Rule 59(a) for a new trial limited to the issue of causation and damages related to his alleged neck, back, and right shoulder injuries. He argues a new trial is warranted to prevent manifest injustice because "the Court's current findings do not seem to account for the opinions of multiple medical professionals who evaluated [Plaintiff] and found injuries in those regions." Pl. Br. at 7. For the same reasons set forth in the Court's discussion of Plaintiff's Rule 59(e) motion, Plaintiff has not demonstrated manifest injustice would result unless the Court holds a new trial for the purpose of considering the additional medical reports. The Court finds no manifest error in its evaluation of Plaintiff's trial evidence concerning causation of injuries, including its weighing of Dr. Nehmer's testimony and the conclusion that his testimony was insufficient to meet Plaintiff's burden of proof at trial. Although Plaintiff maintains the Court's determination on damages is flawed, he has failed establish that it is so infirm as to warrant a new trial.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to carry his heavy burden of demonstrating that either the extraordinary remedy of reconsideration or a new trial is appropriate. Far from subjecting Plaintiff to manifest injustice, the Court made every effort to ensure the parties had a full and fair trial on the merits. Moreover, Plaintiff's appointed pro bono counsel provided him with skillful, zealous, and laudable representation. Indeed, the able assistance of pro bono counsel in this case helped Plaintiff succeed in obtaining a favorable Judgment and a substantial

award of damages. Despite that fine work, Plaintiff has, here, failed to meet his burden for relief under Rule 59, and his motion must be denied.

A separate form of Order will be filed together with this Opinion.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated: February 20, 2026